IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN CHRISTIAN MURRAY,  :
:
     Petitioner  :
:
  v.  :   CIVIL NO. 4:CV-14-531
:
SECRETARY JOHN WETZEL,  :   (Judge Brann)
:
     Respondent  :

## MEMORANDUM

January 23, 2015

**Background**

     Shawn Christian Murray filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 while previously confined at the State Correctional Institution Camp Hill, Pennsylvania.[1]  Upon consideration of Petitioner's motion to amend, Superintendent John Thomas of SCI-Chester has been deemed the sole Respondent in this matter.[2]  Service of the Petition was previously ordered.

     Petitioner states that he was convicted of driving under the influence (DUI)

---

[1] Murray recently notified the Court that he has been released from confinement and is residing in Fayatteville, Pennsylvania. See Doc. 25.

[2] Prior to service of the Petition, Murray was transferred to the State Correctional Institution, Chester, Pennsylvania (SCI-Chester).

1

in the Court of Common Pleas of Franklin County, Pennsylvania on July 15, 2013 (No. 2116 of 2012).  Murray notes that his conviction was the result of a trial conducted in absentia.  On August 22, 2013, he was sentenced to a three (3) to six (6) month term of confinement as a result of that conviction.  Petitioner states that service of his sentence was to commence September 30, 2013 and conclude March 30, 2014.

Murray also indicates that his probation (which was imposed for an earlier terroristic threats conviction, No. 1694 of 2009) was revoked on December 18, 2013 and he was sentenced to serve a nine to sixty month term of confinement which was to commence December 31, 2013 and conclude June 7, 2018 with sentence credit being awarded for the period of March 27, 2012 to March 21, 2013.[3]  See  Doc. 1, p. 2.

Petitioner claims entitlement to federal habeas corpus relief on the grounds that he was denied due process because his trial on the DUI charge and related sentencing were held in absentia and without the benefit of counsel. See id. at p. 9. Murray raises additional and at times repetitive arguments challenging the legality of his DUI conviction and sentence including the following claims:  the trial court lacked subject matter and personal jurisdiction; violation of the

---

[3]  Murray indicates that his 2012 DUI conviction caused the revocation of his probation.

prohibition against double jeopardy; trial court bias; improper denial of his request for a change of venue; denial of his right to a mandatory arraignment; ineffective assistance of counsel; unlawful arrest; imposition of a sentence without a drug and alcohol assessment; and denial of counsel at his preliminary hearing, arraignment, and pre-trial stages.

Respondent has filed a motion seeking dismissal of the petition on the grounds that Murray failed to exhaust his available state court remedies. See Doc. 13. The opposed motion is now ripe for consideration.

**Discussion**

Respondent maintains that Murray did not properly exhaust his available state court remedies. See Doc. 14, p. 1 . Specifically, Respondent argues that the claims before this Court were raised by Petitioner in a January 15, 2014 petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA) which "is still pending at the state level."[4] Id. at p. 2. Petitioner asserts that his PCRA action is now subject to dismissal on the basis of mootness and therefore he did everything possible to comply with the exhaustion of state remedies requirement. See Doc.

---

[4] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

15, p. 4.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court cannot be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.[5]  The exhaustion requirement is not a mere formality.  It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.  <u>Crews v. Horn</u>, 360 F.3d 146, 151 (3d Cir. 2004).

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  <u>Wenger v. Frank</u>, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete

---

[5] However, a Section 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386-87 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The United States Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. The Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal

claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

In his Petitioner, Murray acknowledges that he did not seek relief via the initiation of a direct appeal in Pennsylvania state court. See Doc. 1, p. 3. The petitioner further admits that although he filed a PCRA action on January 13, 2014, that matter is still pending before the Court of Common Pleas of Franklin County. See id. Thus, it is undisputed that Murray's pending claims are unexhausted.

Federal habeas corpus relief may not be granted on a petition containing unexhausted claims. However, in both Rhines v. Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360 F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus petition. Both Rhines and Crews addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1).

The United States Supreme Court in Rhines, recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. Rhines, 544 U.S. at 277. The Third Circuit in Crews similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at p. 154 (internal citations omitted).

Rhines and Crews both contemplate that the initial federal petition must be timely filed. In the present case, there is no indication in the record that Murray's pending federal petition is untimely under the time frame established by the Antiterrorism and Effective Death Penalty Act of 1996. As discussed above Petitioner's pending § 2254 action includes claims that he is also asserting via a PCRA petition which is presently under consideration in Pennsylvania state court. Although Petitioner speculates that his PCRA action is now subject to dismissal as moot, there is no indication that any state court has actually rendered such a determination.

As in Crews, Murray should not face the prospect of forfeiting federal court review of issues. Under these circumstances, Crews counsels in favor of a stay of

litigation in this case while Murray exhausts the state review process on his pending federal claims. Accordingly, the motion to dismiss for failure to exhaust state remedies will be granted in part and this matter will be stayed.[6]

Within thirty (30) days of the termination of Petitioner's state court proceedings regarding his pending federal claims, he will be required to file a written status report with the Court detailing the conclusion of his state court exhaustion efforts and including a copy of the relevant Superior and/or Supreme Court's dispositions if he wishes to proceed with this matter. An appropriate Order will issue.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[6] Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994); Schandelmeier v. Cunningham, 819 F.2d 52, 55 (3d Cir. 1986).

Based upon the record to date in this matter, it has not been sufficiently shown that Petitioner is presently entitled to be excused from the exhaustion requirement. However, in the event that Murray can satisfy one of the exceptions outlined above he may seek the reopening of this matter.