IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN CHRISTIAN MURRAY,   :
:
      Petitioner   :
:
    v.   :   CIVIL NO. 4:CV-14-531
:
SECRETARY JOHN WETZEL,   :   (Judge Brann)
:
      Respondent   :

**MEMORANDUM**

June  24, 2016

**Procedural History**

    Shawn Christian Murray filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 while previously confined at the State Correctional Institution Camp Hill, Pennsylvania.  Murray subsequently notified the Court that he has been released from confinement and is residing in Fayetteville, Pennsylvania.  See Doc. 25.

    By Memorandum and Order dated January 23, 2015, Respondent's motion to dismiss Petitioner's action for failure to exhaust state remedies was partially granted.  See Docs. 30 & 31.  Specifically, it was determined that adjudication of Murray's federal habeas corpus action should be stayed pursuant to Rhines v.

Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360 F. 3d 146 (3d Cir. 2004) in order to allow the Pennsylvania state courts an initial opportunity to review Murray's arguments.[1]

In addition, Petitioner was advised that if he wished to proceed with this matter, he needed to file a written status report with the Court detailing the conclusion of his Pennsylvania state court exhaustion efforts and including a copy of the Superior and/or Supreme Court's disposition within thirty (30) days after the termination of his state court proceedings. Alternatively, the Memorandum and Order stated that if Murray believed that he could show that he should be excused from the exhaustion requirement, he could seek the reopening of this matter.[2]

---

[1] Both Rhines and Crews recognized that district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of unexhausted claims in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1).

[2] Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994); Schandelmeier v. Cunningham, 819 F.2d 52, 55 (3d Cir. 1986).

By Order dated May 5, 2015, Murray's motion for reconsideration was granted. See Doc. 36. The Order directed that this matter be reopened and the parties were required to file supplemental memorandums addressing the issue of whether Murray's claims have been procedurally defaulted and if so, whether the cause and prejudice requirement has been satisfied. As a result of that decision, Petitioner's pending appeal of the January 23, 2015 memorandum and Order to the United States Court of Appeals for the Third Circuit was dismissed on July 20, 2015. See Doc. 40.

By Order dated February 3, 2016, Petitioner's motion to compel Respondent to fie a supplemental memorandum as mandated by the May 5, 2015 Order was denied. Petitioner appealed that decision to the Court of Appeals. By Order dated May 19, 2016, the Court of Appeals dismissed the appeal. See Doc. 48.

**Petitioner's Claims**

Murray was convicted of driving under the influence (DUI) in the Court of Common Pleas of Franklin County, Pennsylvania on July 15, 2013 (No. 2116 of 2012).[3] It is undisputed that Petitioner's conviction followed a trial conducted in absentia. On August 22, 2013, Murray was sentenced, in absentia, to a three (3) to

---

[3] According to the state criminal docket, eight other related charges lodged against Murray were withdrawn. See Doc. 13-1, p. 4.

six (6) month term of confinement. Petitioner states that service of the sentence was to commence September 30, 2013 and conclude March 30, 2014.[4]

Murray adds that as a consequence of his DUI conviction, a term of probation imposed for an earlier terroristic threats conviction, (No. 1694 of 2009) was revoked on December 18, 2013. He was sentenced to serve a nine to sixty month term of incarceration which was to commence December 31, 2013 and conclude June 7, 2018.[5] Murray claims entitlement to federal habeas corpus relief on the grounds that he was denied due process because his trial on the DUI charge and related sentencing were held in absentia and without the benefit of counsel. See id. at p. 9.

Petitioner was released on parole as of December 29, 2014.

Specifically, Murray's pending action raises the following claims: (1) the trial court lacked subject matter and personal jurisdiction; (2) there was a violation of the prohibition against double jeopardy; (3) trial court bias; (4) improper denial of his request for a change of venue; (5) denial of his right to a mandatory

---

[4] Prior to trial, Petitioner fled to the State of California. As a result of that conduct, he was subsequently charged and convicted of flight to avoid apprehension and prosecution.

[5] Petitioner indicates that he was afforded sentence credit for the period of March 27, 2012 to March 21, 2013. See Doc. 1, p. 2.

arraignment; (6) ineffective assistance of counsel; (7) unlawful arrest; (8) imposition of a sentence without a drug and alcohol assessment; and (9) denial of counsel at his preliminary hearing, arraignment, trial, and sentencing.

**Discussion**

It is undisputed that Murray did not pursue a direct appeal but that the claims presently before this Court were raised by Petitioner in a January 15, 2014 petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA). The parties also acknowledge that the merits of Murray's PCRA action were never addressed by the state courts.

Respondent maintains that Murray did not properly exhaust his available state court remedies, and his claims have been procedurally defaulted; they are subject to dismissal on that basis. See Doc. 38, p. 5 . Petitioner counters that he did everything possible to comply with the exhaustion of state remedies requirement but that his unconditional release from custody rendered him ineligible for PCRA relief under Commonwealth v. Ahlborn, 699 A.2d 718 (Pa. 1997).[6]  As such, Murray concludes that the merits of his habeas petition should be considered.

---

[6] The Pennsylvania Supreme Court in Ahlborn held an appellant who was not presently serving a sentence, probation or parole could not obtain collateral relief. See id. at 720.

As previously discussed by this Court's January 23, 2015 Memorandum, Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court cannot be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.[7] The exhaustion requirement serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004). "[U]nder 28 U.S.C. § 2254(c), a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

Federal habeas relief is not available "unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal

---

[7] However, a Section 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

6

citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The United States Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. The Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). The

7

exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

When a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. See Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Toulson v. Beyer, 987 F.2d 984, 987-88 (3d Cir. 1993). Such a claim is procedurally defaulted, not unexhausted. A federal habeas court cannot review a procedurally defaulted claim, "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Beard v. Kindle, 558 U.S. 53, 55 (2009). Procedural default can only be excused if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

It is undisputed that Murray did not file a direct appeal in Pennsylvania state court. See Doc. 1, p. 3. However, he did file a PCRA action on January 13, 2014, which was pending before the Court of Common Pleas of Franklin County when this federal habeas corpus petition was initiated. The PCRA petition was

8

never addressed on the merits. Rather, Petitioner filed a motion to withdraw his PCRA action which was granted by the PCRA court on August 27, 2014. Thus, it is undisputed that Murray's pending claims were not exhausted and have been procedurally defaulted.

In <u>Levya v. Williams</u>, 504 F.3d 357 (3d Cir. 2007) the United States Court of Appeals for the Third Circuit addressed a case where a Pennsylvania state inmate's PCRA action was not considered on its merits due to expiration of the applicant's sentence. <u>Levya</u> indicated that under such circumstances the petitioner satisfied the cause requirement. However, in <u>Levya,</u> unlike the present case, the PCRA action was dismissed on procedural grounds, i.e. the applicant's completion of his state sentence. In this case, Petitioner is still under parole supervision, thus satisfying both Pennsylvania and the federal custody requirement. <u>See</u> <u>id</u>. at p. 363 (the in custody requirement is satisfied when a petitioner is on probation).[8] Second, unlike <u>Levya,</u> where the PCRA petition was dismissed on procedural grounds, Murray voluntarily discontinued his PCRA action. The dismissal of Murray's PCRA action is solely attributable to his own actions, i.e., his submission of a request to withdraw. Unlike <u>Leyva</u>, the procedural default of Murray's pending claims did not result from factors beyond his control. Based

---

[8] The fact that Murray was still on parole also undermines his reliance on <u>Ahlborn</u> and his assertion that he was no longer eligible for PCRA relief.

upon those considerations, Petitioner's reliance on <u>Leyva</u> and <u>Ahlborn</u> are misplaced and the cause requirement has not been satisfied in the pending matter.

There was evidence in the record in <u>Levya</u> showing that the prejudice requirement was also satisfied. However, absent Petitioner's conclusory statement that he is innocent of the DUI charge he has not provided this Court with any specific evidence supporting his claim of innocence. Based on his failure to address the merits of his vague claim of innocence, Murray has failed to satisfy the prejudice requirement.

Petitioner also asserts that because he was denied counsel during pre-trial proceedings, at trial and during sentencing he is automatically entitled to relief. However, the docket of this matter indicates that Petitioner made a pre-trial request for appointment of counsel which was granted and he was afforded representation by court appointed counsel together with a continuance. <u>See</u> Doc. 13-1, p. 14. Murray later filed a pre-trial motion requesting leave to proceed <u>pro se</u> which was granted.[9] <u>See</u> <u>id</u>. at p. 15. As such, Petitioner's claim of denial of counsel does not satisfy the prejudice requirement as his lack of representation was, again, the result of his own voluntary decision.

---

[9] Murray was also appointed counsel for purposes of his PCRA proceeding. <u>See</u> <u>id</u>. at p. 20.

Pursuant to the above discussion, Respondent's request for dismissal of the procedurally defaulted claims will be granted since Petitioner has failed to satisfy the cause and predjuice requirement. An appropriate Order will issue.

BY THE COURT:

  s/   Matthew W. Brann
Matthew W. Brann
United States District Judge